FILED
U.S. DISTRICT COURT
2011 SEP 29 AM 9:53
CLERK R. Ock
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | | |
|---|---|---|
| JEREMIAH W. SLOAN, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV211-034 |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY HAYNES, Warden, | ) | |
| and UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jeremiah Sloan ("Sloan"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Sloan has filed a Response. For the following reasons, the Motion to Dismiss should be **GRANTED** and Sloan's petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

Sloan was convicted in the Western District of North Carolina, after a jury trial, of: conspiracy to possess with intent to distribute powder and crack cocaine, in violation of 21 U.S.C. § 846; five (5) counts of using a firearm during and in relation to a drug-trafficking offense, and with aiding and abetting on two (2) of these counts, in violation of 18 U.S.C. §§ 924(c)(1) and (2); and possession with intent to distribute crack cocaine and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Sloan was

AO 72A
(Rev. 8/82)

sentenced to life imprisonment on the drug conspiracy offense, to 480 months' imprisonment on the possession with intent to distribute count, to run concurrently, and to consecutive terms of five years' imprisonment, plus two (2) 20 year sentences on the firearm offenses for a total sentence of life imprisonment plus 45 years. (Doc. No. 13, p. 2). The Fourth Circuit Court of Appeals affirmed the trial court's judgment. United States v. Sloan, 99 F.3d 1132 (4th Cir. 1996).

Sloan filed four (4) motions to vacate his sentence pursuant to 28 U.S.C. § 2255, and the trial court denied all of these motions. Sloan filed a motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on an amendment to the Sentencing Guidelines applicable to crack cocaine offenses. Sloan's motion was granted, and the trial court reduced his sentence on the drug trafficking offenses to 360 months' imprisonment, to run concurrently. (Doc. No. 13, p. 3).

In the instant petition, Sloan asserts that the savings clause of § 2255 provides him with his requested relief. Specifically, Sloan contends that the United States Supreme Court rendered a decision in Watson v. United States, 552 U.S. 74 (2007), which makes his conviction for a § 924(c)(1) offense a non-existent offense. Sloan also contends that the Watson decision should be given retroactive effect. Sloan further contends that his instant claim was foreclosed in the circuit of his conviction at the time his conviction and his section 2255 motions were final.

Respondent asserts that Sloan does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Sloan has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced

3

by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

The Supreme Court held in Watson that a person who trades drugs for a gun does not "use" a "firearm 'during and in relation to . . . [a] drug trafficking crime' within the meaning of 18 U.S.C. § 924(c)(1)(A)." 552 U.S. at 76 (quoting § 924(c)(1)(A)) (alteration in original). The Fourth Circuit has announced that Watson announced a "new substantive right which must be applied retroactively to cases on collateral review for purposes of [28 U.S.C.] § 2255(f)(3)."[1] United States v. Thomas, 627 F.3d 534, 538 (4th Cir. 2010). However, the Watson decision only narrows the scope of "use" of a firearm within the meaning of § 924(c)(1)(A), not all categories of offenses within this

---

[1] This statute allows the filing of a section 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3).

statute. United States v. Campbell, No. 07-20983-R, 2008 WL 202747, at *1 (S.D. Fla. Jan. 23, 2008) (noting that section 924(c) was written in the disjunctive, and that Watson does not establish that someone charged with "possessing" a firearm under § 924(c) is entitled to relief based on Watson).

Even though Watson narrowed the definition of "use" for section 924(c) purposes and is retroactively applicable to cases on collateral review, the savings clause does not provide Sloan with his requested relief. Sloan fails to present evidence that he was convicted of a non-existent offense or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Sloan has not satisfied the requirements of § 2255's savings clause, and thus, cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

Sloan cannot circumvent the requirements for § 2255 motions[2] by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Sloan is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

---

[2] The Supreme Court issued its Watson decision in 2007. Sloan did not file the instant petition until March 15, 2011. The undersigned notes these dates because there may be a statute of limitations hurdle barring Sloan's filing of a timely § 2255 motion, even if Watson were to provide him with his requested relief, in the district of his conviction. However, even a procedural restriction would not render § 2255's remedy inadequate or ineffective. Wyzykowski v. Dep't of Corr., 226 F.3d 1312, 1217 n.3 (11th Cir. 2000) (collecting cases).

5

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED,** and that Sloan's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 29th day of September, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)